In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00144-CV
______________________________


EDWARD PUNTS, Appellant
 
V.
 
HUBERT W. WILSON, Appellee


                                              

On Appeal from the 172nd Judicial District Court
Jefferson County, Texas
Trial Court No. E-168,861


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Edward Punts sued Hubert W. Wilson for breach of fiduciary duty and conversion
in connection with Wilson's duties as independent executor of the estate of J. W. Kelly.


 
Wilson moved for summary judgment, which the trial court granted, and Punts appeals. 
The issues concern whether payable on death (P.O.D.) accounts established by Kelly were
part of his estate, and the effect of withdrawal of funds from those accounts by Wilson, the
beneficiary, in his capacity as independent executor.
Background 
          Punts and Wilson were long-time friends of Kelly. Kelly maintained several
accounts at Mobil Oil Federal Credit Union (Credit Union).


 He designated and signed
each account as a P.O.D. account, with Wilson as the P.O.D. beneficiary. Kelly died
January 15, 2001. His last will and testament provided for the disposition of his various
properties and left his residual estate to Wilson and Punts, in equal shares.


 The Credit
Union accounts were not referenced in the will. Kelly's will appointed Wilson as
independent executor of his estate. 
          Wilson learned the Credit Union accounts were P.O.D. accounts, designating him
as the P.O.D. beneficiary. During March and April of 2001, a total of $572,306.36 was paid
to Wilson from the accounts. These funds were never listed in the inventory of Kelly's
estate assets. 
          Punts sued Wilson for breach of fiduciary duty and conversion. Wilson denied the
allegations and moved for summary judgment, contending the P.O.D. accounts were
properly payable to him as the P.O.D. beneficiary and were not part of Kelly's estate. The
trial court agreed, concluded there were no issues of material fact, and granted Wilson's
motion for summary judgment. 
          Punts contends there are issues of material fact on his claim for breach of fiduciary
duty.


 He contends Wilson breached his fiduciary duty to him as a beneficiary of the will
by paying the funds directly to him instead of depositing the funds into Kelly's estate,
thereby depriving him of his fifty percent residual share. He also contends Wilson
breached his fiduciary duty by not accounting for the funds in the estate, breached his duty
of full disclosure, his duty of good faith, fair dealing, loyalty, and fidelity over the estate's
affairs, and his duty to refrain from self-dealing with the estate assets. 
Standard of Review
          To prevail on a motion for summary judgment, a movant must establish that there
is no genuine issue as to any material fact and that the movant is entitled to judgment as
a matter of law. Tex. R. Civ. P. 166a(c). Summary judgment for a defendant is proper
when the defendant negates at least one element of each of the plaintiff's theories of
recovery or pleads and conclusively establishes each element of an affirmative defense. 
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997); Wornick Co. v. Casas,
856 S.W.2d 732, 733 (Tex. 1993). 
          The movant has the burden of showing that there is no genuine issue of material
fact and that it is entitled to judgment as a matter of law. Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548–49 (Tex. 1985). However, once the movant establishes it is entitled
to summary judgment, the burden shifts to the nonmovant to show why summary judgment
should not be granted. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). In reviewing
a summary judgment, we accept all the nonmovant's proof as true and indulge every
reasonable inference in the nonmovant's favor. Sci. Spectrum, Inc., 941 S.W.2d at 911. 
All doubts about the existence of a genuine issue of material fact must be resolved against
the movant. Johnson County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996).
          When a trial court's order granting summary judgment does not specify the ground
or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of
the theories advanced are meritorious. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473
(Tex. 1995).
Fiduciary Duty of Independent Executor
          Generally, for a party to establish a claim for breach of a fiduciary duty, there must
exist a fiduciary relationship between the plaintiff and defendant, the defendant must have
breached its fiduciary duty to the plaintiff, and the defendant's breach must result in injury
to the plaintiff, or benefit to the defendant. See Burrow v. Arce, 997 S.W.2d 229, 238–39
(Tex. 1999); Hawthorne v. Guenther, 917 S.W.2d 924, 934–35 (Tex. App.—Beaumont
1996, writ denied). 
          The relationship between an executor and the estate's beneficiaries is one that
gives rise to a fiduciary duty as a matter of law. Huie v. DeShazo, 922 S.W.2d 920, 923
(Tex. 1996). An executor's fiduciary duty to the estate's beneficiaries arises from the
executor's status as trustee of the property of the estate. Humane Soc'y v. Austin Nat'l
Bank, 531 S.W.2d 574, 577 (Tex. 1975). Under the Probate Code, a decedent's estate
immediately vests in the devisees, legatees, and heirs at law of the estate, subject to
payment of the decedent's debts. Tex. Prob. Code Ann. § 37 (Vernon 2003). The
executor thus holds the estate in trust for the benefit of those who have acquired a vested
right to the decedent's property under the will. See id. 
          The fiduciary duties owed to the beneficiaries of an estate by an independent
executor include a duty of full disclosure of all material facts known to the executor that
might affect the beneficiaries' rights. Montgomery v. Kennedy, 669 S.W.2d 309, 313 (Tex.
1984) (trustees of trust and executors of estate had fiduciary duty of full disclosure to
beneficiary); see Huie, 922 S.W.2d at 923. A fiduciary also "owes its principal a high duty
of good faith, fair dealing, honest performance, and strict accountability." Ludlow v.
DeBerry, 959 S.W.2d 265, 279 (Tex. App.—Houston [14th Dist.] 1997, no writ). When an
independent executor takes the oath and qualifies in that capacity, he or she assumes all
duties of a fiduciary as a matter of law which, in addition to other duties, includes the duty
to avoid commingling of funds. Humane Soc'y, 531 S.W.2d at 577; Geeslin v.
McElhenney, 788 S.W.2d 683, 686–87 (Tex. App.—Austin 1990, no writ).
          A fiduciary relationship existed between Wilson as independent executor and Punts
as residuary beneficiary under the will, which included various duties, including the duty to
refrain from commingling of funds and the duty to disclose all material facts. However, it
is axiomatic that Wilson did not owe any fiduciary duty to Punts with regard to funds not
included in Kelly's estate. Wilson contends the Credit Union accounts were valid P.O.D.
accounts and were not part of Kelly's estate. 
Payable on Death Accounts
          P.O.D. accounts and other multi-party accounts are considered in the Probate Code. 
See Tex. Prob. Code Ann. §§ 436–450 (Vernon 2003 & Supp. 2004). P.O.D. accounts are
created by a written agreement signed by the original payee. Tex. Prob. Code Ann.
§ 439(b). If the account is a P.O.D. account, on the death of the original payee, any sums
remaining on deposit belong to the P.O.D. payee, if surviving. Id. Section 439A(b)
provides a "Uniform Single-Party or Multiple-Party Account Selection Form." The form
describes each type of account and the passage of the account funds on death. Tex.
Prob. Code Ann. § 439A(b). If a contract of deposit contains provisions substantially the
same as in the form provided for in the Probate Code, that type of account is selected. 
Tex. Prob. Code Ann. § 439A(a). Section 439A(b) provides for the designation of a
P.O.D. account and describes the account as follows:
The party to the account owns the account. On the death of the party,
ownership of the account passes to the P.O.D. beneficiaries of the account. 
The account is not a part of the party's estate. 
Tex. Prob. Code Ann. § 439A(b)(2). 
          There is no dispute as to whether Kelly properly designated the Credit Union
accounts as P.O.D. accounts, with Wilson as the P.O.D. beneficiary. Kelly initialed
beneath the language that designated the ownership of the account as P.O.D. and signed
the member application and agreement at the bottom. The box that designates the
account as "SINGLE-PARTY ACCOUNT WITH 'P.O.D.' (Payable on Death)
DESIGNATION" is checked, and Wilson is listed as the P.O.D. beneficiary. The language
in the agreement also describes P.O.D. accounts with the statutorily required language. 
This agreement created a valid P.O.D. account with Wilson as the beneficiary. As the
P.O.D. beneficiary, any sums remaining on deposit at Kelly's death belonged to Wilson and
were not part of Kelly's estate. See Tex. Prob. Code Ann. §§ 439(b), 439A(b)(2). Wilson
therefore did not owe any fiduciary duty to Punts with regard to the funds in the Credit
Union accounts, as they were not included in Kelly's estate. The summary judgment
evidence thus disproves as a matter of law at least one element of Punts' cause of action. 
As a result, the burden shifted to Punts to present evidence creating a fact issue. Walker
v. Harris, 924 S.W.2d 375, 377 (Tex. 1996); Casso, 776 S.W.2d at 556.
          Punts contends a fact issue exists because of the manner in which Wilson drew the
funds out of the accounts. Punts contends Kelly told him and Wilson he intended for one
half the Credit Union accounts to pass to Punts under the residuary clause of his will. 
Punts points out that, when Wilson withdrew the funds from the Credit Union accounts, all
the checks were paid to "Hubert Wayne Wilson, Independent Executor, Estate of J. W.
Kelly," or to "Hubert Wilson, Executor of Estate, J. W. Kelly." Punts contends that, when
Wilson had the checks paid to him as independent executor rather than in his individual
capacity, Wilson either gave the funds to Kelly's estate, or admitted the funds belonged to
the estate. Punts contends that, by having the checks paid over and signed as
independent executor, this amounted to an admission by Wilson that Kelly intended to
have the funds in the Credit Union accounts included as part of the estate and thus pass
under the residuary clause. 
          The intent of the decedent, however, must be determined from the agreement, and 
extrinsic evidence may not be offered to prove intent. Parker v. JPMorgan Chase Bank,
95 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Chopin v. InterFirst
Bank Dallas N.A., 694 S.W.2d 79, 83–84 (Tex. App.—Dallas 1985, writ ref'd n.r.e); see
Sheffield v. Estate of Dozier, 643 S.W.2d 197, 198 (Tex. App.—El Paso 1982, writ ref'd
n.r.e.) (finding all funds on deposit at death of party belong to survivor and intention of
depositor as to use or ownership of those funds may not be considered). Section 439(b)
makes a written agreement determinative of the existence of a P.O.D. account. If such
agreement is complete and unambiguous, then parol evidence is inadmissible, as with
written agreements generally, to vary, add to, or contradict its terms. See Ephran v.
Frazier, 840 S.W.2d 81, 86 (Tex. App.—Corpus Christi 1992, no writ). Therefore, if the
terms of an agreement pertaining to a P.O.D. account are clear, the parties may not
introduce extrinsic evidence of intent.
           The "MEMBER APPLICATION & AGREEMENT" Kelly signed with the Credit Union
is complete and unambiguous. It provides that, on his death, the funds in the Credit Union
accounts are to belong to Wilson as the P.O.D. beneficiary and are not to be included in
his estate. No extrinsic evidence of an oral statement by Kelly, or an apparent admission
of that statement by Wilson, is admissible to controvert the written agreement. 
          The contention that Wilson's act of drawing the funds as the independent executor
constituted a gift to Kelly's estate is also without merit. The requisites of a valid inter vivos
gift are a clear intent on the part of the donor to make such a gift, accompanied by a
present delivery of the property, of such character as to divest the donor of the title,
dominion, and control over it, and an acceptance by the donee. Carnes v. Meador, 533
S.W.2d 365, 369 (Tex. Civ. App.—Dallas 1975, writ ref'd n.r.e.). None of these
requirements are present. There is no clear intent to make a gift of the Credit Union funds
by Wilson's act of drawing the account funds as independent executor of Kelly's estate. 
In addition, Wilson did not divest himself of the funds. He never deposited the funds in the
estate account or included them in the estate inventory. 
Conclusion
          The Credit Union accounts were valid P.O.D. accounts, and the funds in those
accounts belonged to Wilson as the P.O.D. beneficiary at Kelly's death. Extrinsic evidence
of any statements Kelly made as to another disposition of those funds, or any possible
admission by Wilson of another intended disposition, are inadmissible to controvert the
validly written P.O.D. agreement. In addition, Wilson did not give the Credit Union account
funds to the Kelly estate. 
          For these reasons, we affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice 

Date Submitted:      March 24, 2004
Date Decided:         May 28, 2004