NUMBER 13-05-578-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


LOS CUCOS MEXICAN CAFÉ, INC., Appellant,


v.


BEGNIGNO R. SANCHEZ, ISRAEL 

TREVINO, AND ROY PINA, Appellees.

 


On appeal from the 24th District Court of Calhoun County, Texas.


 

 

MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 

Los Cucos Mexican Cafe, Inc. appeals from two summary judgments granted in
favor of Begnigno Sanchez, Israel Trevino, and Roy Pina ("appellees"). By three issues,
Los Cucos contends summary judgment was improper because (1) it presented more than
a scintilla of evidence to support each of the elements of its asserted causes of action, (2)
the trial court granted summary judgment on causes of action that were not addressed in
appellees' first motion for summary judgment, and (3) appellees' second motion for
summary judgment did not comply with the specificity requirement of Texas Rule of Civil
Procedure 166a(i). We affirm. 

Background


 Los Cucos is owned by Manuel and Sergio Cabrera and consists of a chain of
twelve restaurants located in Houston, Tomball, Katy, the Woodlands, College Station, El
Campo, Wharton, Palacios, Conroe, Lufkin, Sequing, and Katy Mills. Appellees Sanchez
and Trevino were employed by Los Cucos. The underlying dispute arose after Sanchez
and Trevino ended their employment with Los Cucos and started their own Mexican
restaurants. According to appellant, Sanchez and Trevino misappropriated its proprietary
information (i.e., its recipes) and "hired away" many of its employees in the process of
opening up their own restaurants. (1)

 On March 9, 2004, Los Cucos filed suit against appellees alleging causes of action
based on (1) unlawful use of confidential information (misappropriation of trade secret), (2)
unfair competition, and (3) breach of confidential relationship. Appellees filed a no-evidence motion for summary judgment on January 4, 2005. See Tex. R. Civ. P. 166a(i). 
On January 14, 2005, Los Cucos amended its petition to add claims for (1) breach of
contract, (2) common law misappropriation, (3) tortious interference with a business
relationship, (4) quantum meruit/unjust enrichment, (5) conversion, (6) civil conspiracy, and
(7) breach of fiduciary duty. On February 24, 2005, the trial court granted appellees' no-evidence motion for summary judgment. On March 7, 2005, appellees filed a second no-evidence motion for summary judgment. On August 9, 2005, the trial court granted
appellees' second no-evidence motion for summary judgment and rendered a take-nothing
judgment on all of Los Cucos' claims. This appeal ensued. 

Standard of Review

 In an appeal of a no-evidence motion for summary judgment, this Court considers
all evidence in the light most favorable to the nonmovant and disregards all evidence and
inferences to the contrary. Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex.
2002); Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A
no-evidence summary judgment is essentially a pre-trial directed verdict, and we apply the
same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply
in reviewing a directed verdict. King Ranch v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003). A no-evidence motion for summary judgment must be granted if (1) the movant
asserts that there is no evidence of one or more specified elements of a claim or defense
on which the respondent would have the burden of proof at trial, and (2) the respondent
produces no evidence raising a genuine issue of material fact on those elements. ABB
Kraftwerke Aktiengesellschaft v. Brownsville Barge & Crane, Inc., 115 S.W.3d 287, 290-91
(Tex. App.-Corpus Christi 2003, pet. denied); see Tex. R. Civ. P. 166a(i). To raise a
genuine issue of material fact, the nonmovant must set forth more than a scintilla of
probative evidence as to an essential element of the nonmovant's claim on which the
nonmovant would have the burden of proof at trial. See Havner, 953 S.W.2d at 711. If the
evidence supporting a finding rises to a level that would enable reasonable, fair-minded
persons to differ in their conclusions, then more than a scintilla of evidence exists. Id. 
Less than a scintilla of evidence exists when the evidence is "so weak as to do no more
than create a mere surmise or suspicion" of fact, and the legal effect is that there is no
evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). If the nonmovant
fails to present evidence raising a genuine issue of material fact as to the challenged
element, the trial court must grant the motion. Tex. R. Civ. P. 166a(i). 

Analysis

I. 

 In its first issue, Los Cucos contends the trial court erred in granting appellees' first
and second no-evidence motions for summary judgment because it presented more than
a scintilla of evidence to support each of the elements of each of its asserted causes of
action. 

 Appellees filed their first no-evidence motion for summary judgment when the only
pleading before the trial court was appellant's original petition alleging causes of action for
(1) unlawful use of confidential information (misappropriation of trade secret), (2) unfair
competition, and (3) breach of confidential relationship. Appellees moved for summary
judgment claiming there was no evidence of (1) misappropriation of a trade secret, (2) the
existence of a confidential relationship, (3) palming or passing off, and (4) common-law
misappropriation. The trial court granted the first motion for summary judgment against
Los Cucos on its claims for: (1) breach of confidential relationship, (2) misappropriation of
confidential information/improper use of confidential information (misappropriation of trade
secret), (3) common-law misappropriation, and (4) quantum meruit/unjust enrichment. 

 In their second no-evidence motion for summary judgment appellees claimed there
was no evidence of (1) conversion, (2) breach of fiduciary duty, (3) unfair competition, (4)
breach of contract, (5) tortious interference with a business relationship, and (6) civil
conspiracy. The trial court granted appellees' second no-evidence motion in its entirety
without stating the specific grounds upon which the summary judgment was granted. 

 We have reviewed appellant's summary judgment response and conclude that
appellant failed to come forth with competent summary judgment evidence as to each of
the above-stated causes of action. (2) Appellant's evidence primarily consists of the
deposition testimony of Manuel Cabrera, who offered non-probative, self-serving, and
conclusory statements. (3) Self-serving, speculative and conclusory statements of fact or law
are insufficient to raise an issue of fact. McIntyre v. Ramirez, 109 S.W.3d 741, 749-50
(Tex. 2003); Purcell v. Bellinger, 940 S.W.2d 599, 602 (Tex. 1997) (finding that conclusory
statements that are unsupported by facts are not proper summary judgment proof);
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). 

 Moreover, we note that appellant's entire case relies on the existence of proprietary,
confidential, or trade secret information (i.e., its recipes). And, although appellant pled its
claims in the form of multiple causes of action, all of appellant's claims, except its claim for
breach of contract (which has not been challenged on appeal), fall under the umbrella of
"unfair competition" regarding the misappropriation of trade secrets. United States
Sporting Prods., Inc. v. Johnny Stewart Game Calls, Inc., 865 S.W.2d 214, 217 (Tex.
App.-Waco 1993, writ denied) (quoting Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.,
494 F.2d 3, 14 (5th Cir. 1974)); see also Parker Barber & Beauty Supply, Inc. v. Wella
Corp., No. 03-04-00623-CV, 2006 Tex. App. LEXIS 8841, at *44-45 (Tex. App.-Austin Oct.
11, 2006, no pet.) (mem. op.). Thus, appellant was required to establish that a trade secret
existed. See IAC, Ltd. v. Bell Helicopter Textron, Inc., 160 S.W.3d 191, 197 (Tex.
App.-Fort Worth 2005, no pet.); Trilogy Software, Inc. v. Callidus Software, Inc., 143
S.W.3d 452, 463 (Tex. App.-Austin 2004, pet. denied) (stating elements for
misappropriation of trade secret). However, in the present case, appellant failed to bring
forth any competent evidence that its recipes for Mexican food are trade secrets, that
appellees used their recipes, or that it suffered economic damage as a result of the alleged
misappropriation. As it relates to its recipes being trade secret information, appellant
merely contends on appeal that Texas courts have held that recipes are a type of property
that can be afforded a trade secret protection and cites to H.E. Butt Grocery Co. v.
Moody's Quality Meats, Inc., 951 S.W.2d 33, 34 (Tex. App.-Corpus Christi 1997, pet.
denied) for the contention that "fajitas [are] something that could be considered a trade
secret." However, in order to defeat summary judgment, appellant had to bring forth
competent evidence that its recipes were trade secrets. This it did not do. We conclude
Los Cucos failed to bring forth any evidence raising an issue of material fact in response
to appellees' first and second no-evidence motions for summary judgment. (4) Los Cucos'
first issue is overruled. 

II. 

 In its second issue, Los Cucos contends the trial court improperly granted appellees'
first no-evidence motion for summary judgment because appellees did not explicitly move
for summary judgment on Los Cucos' later-pled claim for unjust enrichment and quantum
meruit. See Tex. R. Civ. P. 166a(i) (requiring the movant to specify the essential element
or elements of a claim or defense to which there is no evidence); Black v. Victoria Lloyds
Inc., 797 S.W.2d 20, 27 (Tex. 1997) (summary judgment may not be properly granted on
a cause of action not addressed in a summary judgment). Appellant also contends the trial
court erred in granting appellees' first motion for summary judgment on its causes of action
for misappropriation of trade secret and palming or passing off because these causes of
action had not been pled in its original petition, but instead were later pled in its amended
petition (filed ten days after appellees' first motion for summary judgment and forty-three
days before the motion was set for hearing). 

 In response, appellees argue that their first no-evidence motion for summary
judgment was broad enough to reach appellant's later-pled claims for unjust
enrichment/quantum meruit, misappropriation of trade secret, and palming or passing off
because the causes of action all had the same core--the taking and use of a trade secret. 
See Lampasas, 988 S.W.2d at 436-37 (holding that a summary judgment motion - if
directed at the element of one cause of action - can be effective against subsequently
pleaded claims if they share that same element). 

 Generally, summary judgment cannot be granted on a claim not addressed in a
summary judgment proceeding. See Tex. R. Civ. P. 166a(c); Chesser v. Southwestern Bell
Tel., 658 S.W.2d 563, 564 (Tex. 1993). If the non-movant timely amends his petition to
add a new cause of action after the movant has filed its motion for summary judgment, the
movant must amend the motion to negate the newly pleaded theory. Johnson v. Fuselier,
83 S.W.3d 892, 898 (Tex. App.-Texarkana 2002, no pet.) (citing Jones v. Ray Ins. Agency,
59 S.W.3d 739, 749 (Tex. App.-Corpus Christi 2001, pet. denied)). In the present case,
appellees did not amend their motion. However, an amended or supplemental motion for
summary judgment might not be necessary when the amended petition essentially
reiterates previously pleaded causes of action. See Fraud-Tech, Inc. v. Choicepoint, Inc.,
102 S.W.3d 366, 387 (Tex. App.-Fort Worth 2003, pet. denied). Summary judgment may
also be proper when a ground asserted in a motion for summary judgment conclusively
negates a common element of the newly and previously pleaded claims, see Blancett v.
Lagniappe Ventures, Inc., 177 S.W.3d 584, 592 (Tex. App.-Houston [1st Dist.] 2005, no
pet.); Lampasas, 988 S.W.2d at 436-37, or when the original motion is broad enough to
encompass the newly asserted claims. Farah v. Mafrige & Kormanik, 927 S.W.2d 663,
671-72 (Tex. App.-Houston [1st Dist.] 1996, no writ); Judwin Props, Inc. v. Griggs &
Harrison, 911 S.W.2d 498, 502 (Tex. App.-Houston [1st Dist.] 1995, no writ).

 As previously mentioned, appellant's first petition pled a cause of action for unfair
competition. Unfair competition is not, in and of itself, a separate tort. Rather, it is an
"umbrella" for all statutory and nonstatutory causes of action arising out of business
conduct which is contrary to honest practice in industrial or commercial matters. United
States Sporting Prods., Inc., 865 S.W.2d at 217. Claims for unjust enrichment/quantum
meruit, misappropriation of trade secret, and palming or passing off, although pled as three
separate causes of action, all fall under the umbrella of unfair competition regarding the
misappropriation of proprietary, confidential, and trade secret information. See id.; see
also James E. Hudson, III, A Survey of the Texas Unfair-Competition Tort of Common-Law
Misappropriation, 50 Baylor L. Rev. 921, 923 (1998); Restatement (Third) of Unfair
Competition § 40 cmt. a (1995) (stating that unfair competition includes torts for
misappropriation, infringement, unjust enrichment, and breach of confidence, but not
breach of contract). The basis of all of Los Cucos' causes of action was the existence of
proprietary, confidential, or trade secret information. Accordingly, although appellees' first
motion may not have explicitly challenged Los Cucos' claim for unjust enrichment/quantum
meruit, appellees' motion for summary judgment stated there was no evidence of the
existence of any proprietary, confidential, or trade secret information, an element common
to the complained-of causes of action. We therefore hold their first summary judgment
motion was broad enough to encompass these later-pled claims. See Farah, 927 S.W.2d
at 671-72. Accordingly, the trial court did not err in granting appellees' first motion for
summary judgment on these grounds. Los Cucos' second issue is overruled. 


III.

 In its third issue, Los Cucos contends the trial court erred in granting appellees'
second no-evidence motion for summary judgment on its breach of fiduciary duty claim
because the motion did not comply with the specificity requirement of Texas Rule of Civil
Procedure 166a(i). See Tex. R. Civ. P. 166a(i).

 When a party moves for a no-evidence summary judgment, he is asserting that the
adverse party has no evidence to prove at least one essential element of the claim. The
movant's no-evidence motion therefore must "state the elements [of the non-movant's
claim] as to which there is no evidence." Id. This requires the movant to "be specific in
challenging the evidentiary support for an element of a claim." Id. cmt.; see Moron v.
Heredia, 133 S.W.3d 668, 671(Tex. App.-Corpus Christi 2003, no pet.). However, it is "not
required that the motion specifically attack the evidentiary components that may prove an
element of the cause of action." Rodgers v. Weatherspoon, 141 S.W.3d 342, 344 (Tex.
App.-Dallas 2004, no pet.) (citing In re Mohawk Rubber Co., 982 S.W.2d 494, 498 (Tex.
App.-Texarkana 1998, no pet.)).

 The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship
between the plaintiff and defendant; (2) the defendant must have breached his fiduciary
duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or
benefit to the defendant. See Punts v. Wilson, 137 S.W.3d 889, 891 (Tex.
App.-Texarkana 2004, no pet.). 

 In their no-evidence motion, appellees challenged the existence of a fiduciary
relationship. Specifically, appellees asserted that they "do not owe a fiduciary duty to their
employers and as such, [appellant's] cause of action for breach of said duty must fail." 
They further asserted, "[Appellant] cannot bring forth any evidence that [appellees] owed
it a fiduciary duty." This statement shows that appellees clearly challenged the evidence
of the existence of a fiduciary relationship. Thus, appellees' motion satisfied the specificity
requirement of rule 166a(i). (5) Accordingly, Los Cucos' third issue is overruled. 


IV. 


 In what appears to be a fourth issue on appeal, appellant states that most of its
causes of action required a showing that it suffered damages as a result of appellees'
"wrongful conduct." Los Cucos argues that it "provided more than a scintilla of evidence
needed to overcome any no-evidence summary judgment component calling for a showing
of damages." However, we note that appellant failed to list or even mention this issue in
the "Issues Presented" section of its brief as required by Texas Rule of Appellate
Procedure 38.1(e). See Tex. R. App. P. 38.1(e). Further, appellant has failed to provide
"a clear and concise argument for the contentions made, with appropriate citations to
authorities . . . ." See Tex. R. App. P. 38.1(h). Accordingly, appellant has failed to properly
present this issue for review. See id. Los Cucos' fourth issue is overruled. 

Conclusion

 The judgment of the trial court is affirmed.




 

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 3rd day of May, 2007.

1. On July 22, 2005, the trial court entered an order dismissing all of Los Cucos' causes of action
against defendant Roy Pina, individually, and/or as they pertained to Pina's restaurant, Los Comales, but
leaving Pina as a defendant in the lawsuit only to the extent that he is a 20% owner in the Acapulco
restaurants.
2. Appellant refers us to the unsworn testimony of Jose Hernandez Cruz as summary judgment
evidence. Appellant attempted to introduce a transcription of Cruz's testimony in its response to appellees'
second no-evidence motion for summary judgment. However, the trial court struck the evidence because the
statement was unsworn. The trial court then allowed appellant seven days to cure the defect in the evidence
and provide the evidence in the form of an affidavit. Appellant filed the affidavit along with a motion for
rehearing approximately forty-four days later. Because the affidavit was filed late, without leave of court, it
may not be considered as summary judgment evidence. See Benchmark Bank v. Crowder, 919 S.W.2d 657,
663 (Tex. 1999). Accordingly, it is not evidence. 
3. Excerpts from the testimony relied on by appellant, as it relates to its recipes being a trade secret,
include: "We added things and we made experiments and we created our own guacamole." "I'm the one who
teaches all the workers. That person who took away what, for me, costs a lot of time and money is using it
in many restaurants." 
4. We note that instead of attempting to defeat summary judgment by coming forth with some evidence
on the challenged elements, appellant attempted to avoid summary judgment by amending its petition. 
However, an appellant cannot avoid a no-evidence summary judgment simply by amending his petition. See
Lampasas v. Spring Ctr. Inc., 988 S.W.2d 428, 437 (Tex. App.-Houston [14th Dist.] 1999, no pet.). Rather,
he must come forward with some evidence on the challenged elements. See id. (emphasis added). 
5. We also note that appellees argue that appellant waived any complaint as to the form of their motion
because it did not object on this basis in the trial court. Our fellow appellate courts have split on the issue of
whether the sufficiency of a motion under rule 166a(i) may be challenged for the first time on appeal. See,
e.g., In re Estate of Swanson, 130 S.W.3d 144, 147 (Tex. App.-El Paso 2003, no pet.); Cuyler v. Minns, 60
S.W.3d 209, 212-14 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (holding that appellant may raise lack
of specificity of a no-evidence motion for the first time on appeal); Callaghan Ranch, Ltd. v. Killam, 53 S.W.3d
1, 3 (Tex. App.-San Antonio 2000, pet. denied); but see Walton v. Phillips Petroleum Co., 65 S.W.3d 262, 268
(Tex. App.-El Paso 2001, pet. denied); Williams v. Bank One, Tex., N.A., 15 S.W.3d 110, 117 (Tex.
App.-Waco 1999, no pet.); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 194-95 (Tex.
App.-Amarillo 1999, pet. denied); see also Tex. R. Civ. P. 166a(c) ("issues not expressly presented to the trial
court by written motion, answer, or other response shall not be considered on appeal as grounds for
reversal"); Tex. R. App. P. 33.1(a) (preservation of appellate complaints); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 679 (Tex. 1979). However, given our disposition, we need not address this question
here.