In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-19-00118-CV

JAIME JOSE CARDONA, SYLVIA LOPEZ, HORTENCIA TREVINO, ARTURO CARDONA, ESTHELA CARDONA, MARIO CARDONA, AND ROBERTO CARDONA, Appellants

V.

FRANCISCO CARDONA, Appellee

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-04-05186-CV**

**MEMORANDUM OPINION**

Appellants Jaime Jose Cardona, Sylvia Lopez, Hortencia Trevino, Arturo Cardona, Esthela Cardona, Mario Cardona, and Roberto Cardona (hereafter collectively referred to as "appellants") challenge the trial court's order dismissing their lawsuit in part for want of jurisdiction and granting summary judgment in favor of appellee Francisco Cardona ("Francisco"). We affirm the trial court's judgment.

1

## Background

Following the death of their father, Jose Santos Cardona (hereinafter referred to as "Decedent"), appellants filed suit against their brother, Francisco, alleging that Francisco had breached his fiduciary duty to Decedent while serving as his power of attorney. According to appellants, after Decedent gave Francisco power of attorney to help handle Decedent's finances, Francisco sold the Decedent's home and placed the proceeds from the sale in an operating account that was made payable on death to Francisco. Appellants alleged that Francisco had Decedent execute a new will that named all the children and disposed of Decedent's estate through an alleged "phantom trust[.]" According to appellants, Decedent had been diagnosed with dementia and did not have testamentary capacity to execute a new will, and Decedent did not understand the contents or the effect of the will because he could not read English. Appellants alleged that Francisco breached his fiduciary duty as Decedent's power of attorney by engaging in self-dealing and obtaining a personal benefit from transactions involving Decedent's funds. Appellants further alleged that Francisco had Decedent execute a new will by using fraud and deceit and/or by exercising undue influence over Decedent.

Appellants also alleged that Francisco breached his fiduciary duty to appellants, who trusted that Francisco would assist Decedent with his finances

2

without engaging in self-dealing. According to appellants, Decedent's wish was for his estate to be equally divided among his children, but Francisco interfered with their inheritance rights by breaching his fiduciary duty to obtain full control over all the funds in Decedent's estate prior to his death. Appellants sought damages in excess of $1,000,000 for the loss of inheritance.

In their amended petition, appellants alleged that Francisco breached his fiduciary duty to appellants, who were named as beneficiaries of the trust in which Francisco was named as trustee. Appellants alleged that Francisco breached his fiduciary duty by obtaining control over all the funds in Decedent's estate and then failing to add the assets to the trust as mandated by the trust instrument.

Francisco filed a traditional and no-evidence motion for summary judgment. Francisco stated that prior to Decedent's death in January 2017, Decedent executed a statutory durable power of attorney naming Francisco as his agent-in-fact. According to Francisco, Decedent provided him with all the powers granted by statute, as well as the ability to name himself beneficiary in any insurance, annuity, and/or bank accounts and to serve as co-signor for all bank, brokerage and/or savings accounts. Francisco stated that Decedent instructed him to deposit the proceeds from the sale of his real property into a Bank of America account (hereafter referred to as the "BOA account"). Francisco stated that in March 2016, Decedent executed a

3

personal signature card for his BOA account, establishing a joint tenancy with the right of survivorship in the account between Francisco and Decedent. According to Francisco, both he and Decedent signed the signature card in their individual capacities, and Francisco maintained that he did not execute Decedent's signature in his capacity as Decedent's agent under any durable power of attorney. According to Francisco, this was not the first time Decedent had named him as the survivor or beneficiary of Decedent's BOA account.

Francisco stated that after Decedent deposited the proceeds into the BOA account, Decedent met with Marta Martin, an estate planning attorney, and Decedent executed, among other documents, a Last Will and Testament and a Declaration of Trust, naming Francisco as the independent executor and trustee. According to Francisco, Martin carefully explained each document to Decedent in Spanish in a private meeting, and Martin did not discover any issues concerning Decedent's testamentary capacity and was confident Decedent was not being coerced or influenced to execute the documents. Francisco stated that Decedent's will left his probate estate to the trust, and the trust provisions provided that the trustee should add assets into the trust that Decedent had made payable to the trustee. Francisco maintained that Martin explained to Decedent that if he wanted other non-probate assets to be part of the trust, Decedent would have to take specific actions and

4

reference the trust or trustee. Francisco stated that after Decedent died on January 1, 2017, he probated Decedent's will and was appointed the independent executor. Francisco explained that he took possession of the funds in the BOA account, which were designated to him by right of survivorship. According to Francisco, he had no legal requirement to share the funds with appellants, and despite his offer to do so, appellants sued him for allegedly breaching his fiduciary duty and for using fraud, deceit, or undue influence to have Decedent execute the estate planning documents.

Francisco argued that he is entitled to summary judgment on appellants' breach of fiduciary duty claims because appellants claims relate solely to the fact that Decedent made Francisco a joint tenant with the right of survivorship on the BOA account. Francisco argues that the survivorship agreement was valid and parol evidence is inadmissible to vary, add, or contradict the terms, and that the contractual provisions of the survivorship agreement concern a non-probate asset that is not considered a testamentary transfer. According to Francisco, he cannot have breached a fiduciary duty to Decedent or to appellants as beneficiaries of the trust, because he was contractually permitted to take possession of the funds in the BOA account under a valid survivorship document that Decedent signed in his individual capacity.

Francisco also argues that the provisions of the trust do not apply to the BOA funds, because the funds could not have been made payable to him as trustee because

the trust was created after the execution of the survivorship agreement. Francisco pointed to Martin's deposition testimony, in which Martin testified that she explained to Decedent that he had to specifically leave an asset to the trustee for it to fund the trust, and Martin testified that Decedent understood that he needed to update the survivorship agreement to reflect either the trust or the trustee if he wanted the assets to be payable to the trust. Francisco argues that the Decedent's failure to make the necessary changes to the survivorship agreement is not a breach of duty on his part.

Francisco further argued that appellants produced no evidence to support their claims. According to Francisco, appellants brought suit against him in his capacity as agent-in-fact, trustee, and in his informal capacity as Decedent's son, and appellants have produced no evidence of breach, causation, or damages as Decedent validly executed the non-testamentary transfer to Francisco. Francisco maintained that appellants produced no evidence that Decedent lacked testamentary capacity to execute the will, and because Francisco admitted Decedent's will for probate, appellants had the burden to negate testamentary capacity. According to Francisco, Martin confirmed in her deposition that Decedent had the capacity to execute the estate documents. Francisco also argued that appellants produced no evidence that Decedent was unduly influenced to execute the will, the will was the product of fraud

or deceit, or that Francisco had improperly obtained assets from their mother's estate by taking possession of the funds in the BOA account.

Francisco attached the following summary judgment evidence to his motion: his affidavit, the statutory durable power of attorney, a letter executed by Decedent instructing that the proceeds from the sale be deposited into the BOA account, the BOA personal signature card designating the account as joint with right of survivorship, the deposition of Martin, appellant's first amended original petition, the order admitting Decedent's will to probate and appointing Francisco as the independent executor, and Decedent's estate planning documents, including Decedent's will, Declaration of Trust, Declaration of Guardian, Directive to Physicians and Family, Appointment of Agent to Control Distribution of Remains, HIPAA Releasee and Authorization, and Medical Power of Attorney.

Appellants filed a response to Francisco's no-evidence motion for summary judgment. Appellants argued that Francisco cannot obtain a no-evidence summary judgment on an issue for which he bears the burden of proof. According to appellants, Francisco had the burden to rebut the presumption that the transaction with Decedent was presumptively void and fraudulent. Appellants argued that Francisco failed to provide evidence that the transaction, in which he personally benefitted while having the capacity as fiduciary to Decedent, was fair to and

understood by the Decedent. Appellants attached the following summary judgment evidence to their response: the affidavit of Arturo Cardona, the deposition testimonies of Martin and Francisco, the BOA signature card, Illinois General Power of Attorney dated August 3, 2015, Declaration of Trust, and Decedent's will.

Francisco filed a reply to appellants' response, objections to appellants' summary judgment evidence, and a motion to strike. Francisco argued that the trial court should strike Arturo's self-serving affidavit because it is not sufficient summary judgment proof. Francisco further argued that appellants' reply to his no-evidence motion contained no viable summary judgment evidence which would defeat his motion. The trial court issued an order dismissing appellants' lawsuit in part for want of jurisdiction and granting Francisco's traditional and no-evidence motions for summary judgment. The trial court found that appellants lacked standing to assert claims for breaches of fiduciary duty owed to Decedent and ordered that those claims be dismissed. The trial court granted Francisco's traditional motion for summary judgment in all respects and granted Francisco's no-evidence motion for summary judgment as to appellants' claims of breach of fiduciary duty, lack of testamentary capacity, undue influence, fraud/deceit, and conversion. Appellants filed a motion for new trial, which was overruled by operation of law. Appellants appealed.

Analysis

In issues one and two, appellants argue that the trial court erred in ruling that they lacked standing to bring a claim against Francisco for breaching his fiduciary duty to Decedent. According to appellants, they had standing to bring the claim of breach of fiduciary duty owed to Decedent because (1) the probate court was closed and had refused to accept transfer of the case at issue; and (2) Francisco owed Decedent a fiduciary duty as executor. The record shows that in their first amended petition, appellants only alleged that Francisco breached his fiduciary duty to Decedent while acting as his power of attorney and trusted son. The trial court found that it lacked jurisdiction to hear appellants' claims for breaches of fiduciary duty owed to Decedent because appellants lacked standing.

Whether a trial court has subject matter jurisdiction is a question of law, and the determination is based on whether the pleader has alleged facts that affirmatively demonstrate that the trial court has jurisdiction to hear the case. *Jordan v. Lyles*, 455 S.W.3d 785, 790 (Tex. App.—Tyler 2015, no pet.) (op. on reh'g). The determination of whether the pleader has met his burden is a question of law that we review de novo. *Id.* To have standing, a party must have a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). "For standing, a plaintiff must be

9

personally aggrieved; his alleged injury must be concrete and particularized, actual or imminent, not hypothetical." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304-05 (Tex. 2008) (footnotes omitted). Thus, to demonstrate standing, a plaintiff must affirmatively show, through pleadings and other evidence pertinent to the jurisdictional inquiry, a distinct interest in the asserted conflict, such that the defendant's actions caused plaintiff some particular injury. *Alpert v. Riley*, 274 S.W.3d 277, 291 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

Here, appellants have failed to demonstrate that they have a sufficient relationship with their claim that Francisco breached his fiduciary duty to Decedent, because appellants have failed to prove that Francisco breached any fiduciary duty to Decedent that diminished Decedent's estate. *See Lovato*, 171 S.W.3d at 848. Payable on death accounts are created by written agreement, and upon the death of the original payee, any sums remaining on deposit belong to the survivor. *See* Tex. Est. Code Ann. § 113.152(a)(1). As the payable on death beneficiary, any sums remaining on deposit at Decedent's death belonged to Francisco and were not part of Decedent's estate; thus, Francisco did not breach any fiduciary duty to Decedent by obtaining ownership of the funds in the BOA account in accordance with the survivorship agreement signed by Decedent in his individual capacity. *See Punts v. Wilson*, 137 S.W.3d 889, 892 (Tex. App.—Texarkana 2004, no pet.).

10

Because appellants as beneficiaries of Decedent's estate had no legal claim to the funds in the BOA account and have produced no evidence that Francisco's actions reduced or otherwise adversely affected their inheritance rights, they have no standing to file suit complaining about the actions Francisco took as Decedent's fiduciary. *See id*; *see also Dawson v. Lowrey*, 441 S.W.3d 825, 832-33 (Tex. App.—Texarkana 2014, no pet.). We conclude that the trial court did not err by finding that appellants lacked standing to bring claims for alleged breaches of fiduciary duty owed to Decedent. Accordingly, the trial court did not err by dismissing those claims for want of jurisdiction. We overrule issues one and two.

We next address appellants' fourth issue, in which they complain that the trial court erred in granting Francisco's no-evidence motion for summary judgment. Appellants allege Francisco failed to challenge the specific element of each cause of action for which the evidence is supposedly lacking as required by Tex. R. Civ. P. 166(a)(i). According to appellants, Francisco's no-evidence motion is legally insufficient as a matter of law.

The record shows that in his no-evidence motion, Francisco argued that appellants failed to provide any evidence of breach, causation, or damages on their claims for breach of fiduciary duty, because Decedent executed the non-testamentary transfer that was payable to Francisco. Francisco argued that

11

Decedent's decision to not alter the designation in the survivorship agreement, despite being counseled by his attorney on how to fund the trust, does not mean that Francisco breached any fiduciary duty or harmed appellants. Concerning appellants' claim for lack of testamentary capacity, Francisco argues that appellants failed to prove that Decedent lacked testamentary capacity to execute the will. Francisco further argued that appellants had no evidence of any of the required elements to prove that Decedent was unduly influenced to execute the will or that the will was the product of fraud/deceit. Francisco also maintained that appellants had no evidence that he had improperly obtained assets from their mother's estate when he was legally entitled to possess the funds in the BOA account pursuant to a valid survivorship agreement.

Texas Rule of Civil Procedure 166a(i) provides that a no-evidence motion must state the elements as to which there is no evidence; thus, it must not be general or conclusory. *See* Tex. R. Civ. P. 166a(i); *Neurodiagnostic Tex., L.L.C. v. Pierce*, 506 S.W.3d 153, 175 (Tex. 2016). The purpose of requiring specificity is to provide the opposing party with fair notice of the matters on which it must produce some evidence; however, the motion need not include a specific attack on the evidentiary components that make up an element of a claim. *Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 279 (Tex. App.—El Paso 2004, no pet.). Nothing

12

prevents the movant from challenging every element, "as long as each element is distinctly and explicitly challenged." *Id.* at 280.

Based on our review of the record, we conclude that Francisco's no-evidence motion was sufficiently specific because it clearly identified and challenged the evidence of elements regarding appellants' claims of breach of fiduciary duty, lack of testamentary capacity, undue influence, fraud/deceit and conversion. We overrule issue four.

In issues three, seven, eight, and nine, appellants argue that the trial court erred in granting Francisco's no-evidence motion for summary judgment on the issues of breach of fiduciary duty to appellants, undue influence, fraud/deceit, and conversion. In issues six, seven, and eight, appellants argue that the trial court erred in granting Francisco's traditional motion for summary judgment on the issues of breach of fiduciary duty, fraud/deceit, and undue influence. In issue five, the appellants argue that the trial court erred in granting Francisco's traditional motion for summary judgment without stating the grounds for the ruling.

We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In resolving appellants' issues, we must consider the ruling on the no-evidence part of Francisco's hybrid motion for summary judgment before considering the ruling on the traditional part of

Francisco's motion. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In reviewing a no-evidence motion, we must view the evidence in the light most favorable to the non-movant. *Id.* at 601. The Texas Supreme Court has explained that the trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Because a trial court's decision granting a no-evidence motion for summary judgment is essentially a pretrial directed verdict, the same legal sufficiency standard is used in reviewing rulings made by the trial courts on motions for directed verdict. *Id.* at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

14

In issue three, appellants argue that the trial court erred in granting Francisco's no-evidence motion for summary judgment on the issue of breach of fiduciary duty to appellants when Francisco accepted direct benefits of the questioned transactions and had the burden to establish that the transactions were fair. According to Appellants, Francisco had a fiduciary duty to appellants because he was the trustee of a trust naming appellants as beneficiaries.

To prevail on a claim of breach of fiduciary duty, a plaintiff must prove: (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). A trustee owes beneficiaries certain fiduciary duties. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996). However, as discussed above, there is no evidence that the funds from the BOA account were required to be placed in the trust because the funds were not part of Decedent's estate. *See Punts*, 137 S.W.3d at 892.

The evidence shows that Decedent directed that the proceeds of the challenged sale be deposited into the BOA account, and that Decedent executed the survivorship agreement in his individual capacity naming Francisco as a joint tenant with the right of survivorship before he executed a new will and created a revocable trust. The record shows that despite being advised by his estate planning attorney that he needed to take certain actions to fund the trust, Decedent never took the required

15

actions. Decedent was free to fund the trust, which was revocable, with the funds from the BOA account, but Decedent chose not to do so. *See Estate of Little*, No. 05-18-00704-CV, 2019 WL 3928755, at *8-9 (Tex. App.—Dallas Aug. 20, 2019, pet. denied) (mem. op.). Because the BOA funds were not part of Decedent's estate, Francisco did not owe any fiduciary duty to appellants regarding those funds. *See Punts*, 137 S.W.3d at 892.

Additionally, when the terms of a survivorship agreement pertaining to a payable on death account are clear, the parties may not introduce extrinsic evidence of Decedent's intent regarding the use or ownership of the funds in the account. *Id.* at 893. Thus, extrinsic evidence of any statements Decedent made as to another disposition of those funds, or any alleged admissions by Francisco of another intended disposition are inadmissible to controvert the validly written payable on death agreement. *See id.* at 893-94. In their summary judgment response, appellants rely on Arturo's affidavit, which consists of conclusory statements without factual support. Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *see also* Tex. R. Civ. P. 166a(c). We conclude that the statements in Arturo's affidavit do not constitute competent summary judgment evidence because they are conclusory and not susceptible to being readily

16

controverted. *See Doherty v. Old Place, Inc.*, 316 S.W.3d 840, 844-45 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (op. on reh'g). Because appellants failed to produce summary judgment evidence raising a genuine issue of material fact on their claims of breach of fiduciary duty, we conclude the trial court did not err in granting Francisco's no-evidence motion on this claim. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 600-01; *Kindred*, 650 S.W.2d at 63. We overrule issue three.

In issue seven, appellants argue that the trial court erred in granting Francisco's no-evidence motion for summary judgment on the issue of undue influence when Francisco was instrumental in obtaining the designations at issue. A party contesting a payable on death provision, beneficiary designation, or a will based on a claim of undue influence bears the burden of proving undue influence. *Rothermel v. Duncan*, 369 S.W.2d 917, 922 (Tex. 1963); *Fielding v. Tullos*, No. 09-17-00203-CV, 2018 WL 4138971, at *6 (Tex. App.—Beaumont Aug. 30, 2018, no pet.) (mem. op.). Undue influence is a form of fraud and concerns the wrongful use of influence, such as force, intimidation, duress, or deception, to cause the execution of a will which is contrary to the testator's desire for the distribution of his property after death. *In re Estate of Butts*, 102 S.W.3d 801, 803 (Tex. App.—Beaumont 2003, pet. denied). Evidence of opportunity is not enough; the evidence must show that improper influence was exerted when the instrument was made. *See id.*

To show undue influence, a plaintiff must show (1) the existence and exertion of an influence, (2) the effective operation of such influence so as to subvert or overpower the mind of the property owner when the instrument was executed, and (3) the execution of an instrument that the property owner would not have executed but for such influence. *See Rothermel*, 369 S.W.2d at 922. The exertion of influence cannot be inferred from opportunity alone, such as taking care of the property owner or seeing to his needs; there must be proof showing both that the influence existed and that it was exerted. *See Fielding,* 2018 WL 4138971, at *8. Once a plaintiff proves that a fiduciary relationship exists, a presumption of undue influence may arise, but once evidence contradicting the presumption is offered, the presumption is extinguished, and the plaintiff retains the ultimate burden of proof. *See id.* at *7.

After reviewing the evidence in the light most favorable to appellants, we conclude that there was no evidence of force, intimidation, duress, persistent requests, demands, or deceit by Francisco. *See Rothermel*, 369 S.W.2d at 922. There is also no evidence that Decedent would not have designated Francisco as a joint tenant of the BOA account with the right of survivorship but for any alleged undue influence. *See Fielding,* 2018 WL 4138971, at *12. Additionally, Francisco offered Martin's deposition testimony stating that when Decedent executed his estate planning documents, Martin did not see any indication that Decedent had been

18

influenced, coerced, or put under duress to make the appointments. We conclude that the trial court did not err in finding that there was no genuine issue of material fact on appellants' claim of undue influence, because the undisputed summary judgement evidence creates no fact issue as to the existence and/or exertion of any influence by Francisco which subverted or overpowered Decedent when Decedent executed the BOA signature card or his estate planning documents. Nor is there a genuine issue of material fact as to whether Decedent would have designated Francisco as a joint tenant with the right of survivorship but for undue influence. *See Rothermel*, 369 S.W.2d at 922; *Fielding*, 2018 WL 4138971, at \*12. We overrule appellants' argument in issue seven complaining that the trial court erred in granting the no-evidence motion on the issue of undue influence.

In issue eight, appellants argue that the trial court erred in granting Francisco's no-evidence motion for summary judgment on the issue of fraud or deceit when Francisco allegedly led Decedent to believe he would have a trust for the benefit of all his children. We note that appellants' argument contains no citations to any legal authority or to the record. *See* Tex. R. App. P. 38.1(i). Even interpreting issue eight liberally, we cannot conclude that the issue is adequately briefed. *See Proctor v. White*, 155 S.W.3d 438, 441 (Tex. App.—El Paso 2004, pet. denied) (concluding

19

appellants waived challenge to summary judgment because their argument failed to include a single reference to relevant case law or legal principles).

Regardless of appellants' inadequate briefing, after reviewing the evidence in the light most favorable to appellants, we conclude that there was no evidence in the record to support a claim based on actual or constructive fraud. *See Strobach v. WesTex Cmty. Credit Union*, No. 08-17-00182-CV, 2019 WL 3812366, at \*14 (Tex. App.—El Paso Aug. 14, 2019, no pet.) (not yet released for publication). There was no evidence supporting appellants' contention that Decedent did not understand the effect of making Francisco a joint tenant with the right of survivorship on the BOA account or that Francisco knowingly made any false material representation with the intent to have Decedent act in reliance on the representation. *See id.* Nor is there any evidence that Francisco breached any fiduciary or equitable duty to Decedent or that Francisco unduly influenced Decedent to execute a will despite lacking the testamentary capacity to do so. *See id.* We conclude that the trial court did not err in finding that there was no genuine issue of material fact on appellants' claim of fraud or deceit. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 600-01; *Kindred*, 650 S.W.2d at 63. We overrule appellants' issue eight.

In issue nine, appellants argue that the trial court erred in granting Francisco's no-evidence motions for summary judgment on the issue of conversion. According

to appellants, Francisco converted trust assets from the trust by disavowing his duty to add the non-probate assets he received to the trust when Decedent allegedly directed Francisco to do so. To establish a claim for conversion, appellants must prove that (1) they owned or had possession of the property or entitlement to possession; (2) Francisco unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, appellants' rights as owners; (3) appellants demanded return of the property; and (4) Francisco refused to return the property. *See Lawyers Title Co. v. J.G. Cooper Dev., Inc.*, 424 S.W.3d 713, 718 (Tex. App.—Dallas 2014, pet. denied). Appellants must also establish that they were injured by the conversion. *See id.*

In issue three, we concluded that Francisco did not owe any fiduciary duty to appellants regarding the BOA funds because the funds were not part of Decedent's estate. *See Punts*, 137 S.W.3d at 892. We also explained that appellants could not introduce extrinsic evidence of Decedent's intent regarding the use or ownership of the funds in the BOA account because of the valid survivorship agreement. *See id.* at 893. In issues one and two, we explained that appellants did not have standing to file suit complaining about the actions of Decedent's fiduciary, because appellants as beneficiaries of Decedent's estate had no legal claim to the funds in the BOA account. Because appellants have no legal claim to the funds, they cannot prove any

21

harm to Decedent's estate or themselves. We conclude that appellants failed to produce summary judgment evidence raising a genuine issue of material fact on their claim of conversion. *See* Tex. R. Civ. P. 166a(i); *Ridgway*, 135 S.W.3d at 600-01; *Kindred*, 650 S.W.2d at 63; *Lawyers Title Co.*, 424 S.W.3d at 718. We therefore conclude that the trial court did not err in granting Francisco's no-evidence motion for summary judgment on appellants' claim for conversion. We overrule issue nine.

Because we have concluded that the trial court did not err in granting Francisco's no-evidence summary judgment on appellants' claims of breach of fiduciary duty, fraud/deceit, undue influence, and conversion, we need not address appellants' arguments in issues six, seven, and eight complaining that the trial court erred in granting Francisco's traditional motion for summary judgment on those same claims. *See* Tex. R. App. P. 47.1. We also need not address issue five, in which appellants argue that the trial court erred in granting Francisco's traditional motion for summary judgment without stating the grounds for the ruling. *See id.* Having addressed each of appellants' issues, we affirm the trial court's order dismissing appellants' claims for breach of fiduciary duty to Decedent for want of jurisdiction and granting Francisco's no-evidence motion for summary judgment on appellants' claims for breach of fiduciary duty to appellants, undue influence, fraud/deceit, and conversion.

AFFIRMED.

_____

STEVE McKEITHEN
Chief Justice

Submitted on December 2, 2019
Opinion Delivered April 30, 2020

Before McKeithen, C.J., Kreger and Horton, JJ.