

## NUMBER 13-03-500-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GUY SPARKMAN,                                                          Appellant,

v.

RELIASTAR LIFE INSURANCE COMPANY,                      Appellee.

**On appeal from the 7th District Court of Smith County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides
Memorandum Opinion by Justice Benavides**

This case began as an interpleader action. Appellee, ReliaStar Life Insurance

Company ("ReliaStar"),[1] received competing claims from Guy Sparkman and his son, Larry

Sparkman, regarding the proceeds of four annuity policies. ReliaStar then filed an

---

[1] ReliaStar Life Insurance Company was formerly known as United Olympic Life Insurance Company. At various points throughout the record, Guy Sparkman refers to ReliaStar as "United." We will refer to ReliaStar Life Insurance Company as "ReliaStar."

interpleader action naming Guy and Larry Sparkman as interpleader defendants. Guy answered, alleged multiple counterclaims against ReliaStar, and contested ReliaStar's right to interplead the funds. He also asserted cross-claims against Larry.

The trial court allowed ReliaStar to interplead the annuity proceeds and granted ReliaStar summary judgment on Guy's counterclaims. After ReliaStar was dismissed from the action, Larry failed to appear for trial, and the trial court awarded Guy the disputed funds in the court's registry as a result of Larry's default. Although Guy was awarded the interpleaded funds, he now appeals the summary judgment discharging ReliaStar from the case.[2] For the following reasons, we affirm the trial court's judgment.

## I. BACKGROUND[3]

Guy cared for his elderly mother, Willie Ressegieu, prior to her death in 1996. Although Ressegieu was never diagnosed by a doctor, Guy believed she had advanced symptoms of dementia and Alzheimer's disease. According to Guy, she had no business experience, and she relied on him to handle all her business dealings, including her finances.

Guy's son, Larry, was ReliaStar's employee. In 1988, Larry approached Guy about buying insurance with Ressegieu's savings. Guy claims that he refused to purchase insurance, but he agreed to use Ressegieu's savings to purchase annuity policies with the express condition that he be designated as the beneficiary on the policies. Guy alleges that he discussed the issue with Ressegieu, and she agreed. Accordingly, Guy instructed

---

[2] Guy is appearing pro se.

[3] Our recitation of the facts in this case is necessarily limited by the incomplete appellate record currently before us. As we discuss in more detail later in this opinion, the record does not include ReliaStar's summary judgment evidence. The following background is drawn primarily from Guy's answer, counterclaim, and cross-claim and from an affidavit he filed in response to ReliaStar's motion for summary judgment.

Larry to purchase the annuity policies and to name Guy as the beneficiary.

According to Guy, Larry never delivered the annuity policies to him or to Ressegieu. Larry, however, assured Guy that he was the named beneficiary. Guy did not see the policies until after Ressegieu died. It was then that he discovered that Larry had been named as the beneficiary on the contracts. Guy notified ReliaStar of his claim to the proceeds, but ReliaStar did not pay the proceeds to Guy or Larry. Rather, ReliaStar waited approximately four years to file the instant interpleader action.

Based on the above allegations, when ReliaStar filed the interpleader action seeking to deposit the annuity policy proceeds into the trial court's registry, Guy asserted counterclaims against ReliaStar and cross-claims against Larry for knowing and intentional violations of the Texas Deceptive Trade Practices Act ("DTPA"),[4] negligence and gross negligence, violations of the common-law duty of good faith and fair dealing, violations of former articles 21.21 and 21.55 of the Texas Insurance Code, common-law fraud, and breach of fiduciary duty. He asserted claims for damages and for exemplary damages under these theories.

ReliaStar filed a motion for summary judgment on both no-evidence and traditional grounds, alleging that it was entitled to interplead the annuity policy proceeds and attacking nearly every element of each of Guy's claims. Separate from the motion itself, ReliaStar also filed substantial evidence in support of its motion.[5] This evidence does not appear in the clerk's record on appeal. Guy filed a response, attaching an affidavit and purporting to incorporate ReliaStar's summary judgment evidence by reference. Guy then filed his

---

[4]Tᴇx. Bᴜs. & Cᴏᴍ. Cᴏᴅᴇ Aɴɴ. §§ 17.41-.63 (Vernon 2002 & Supp. 2007).

[5] ReliaStar's motion for summary judgment referenced the evidence filed with the trial court, which included testimony and documentary evidence.

own motion for summary judgment without attaching any supporting evidence. This motion also purported to incorporate ReliaStar's summary judgment evidence and the affidavit attached to Guy's response to ReliaStar's motion for summary judgment.

On August 20, 2001, the trial court granted ReliaStar's motion for summary judgment, expressly stating that "there is no summary judgment evidence that will permit the various claims made by Guy Sparkman against ReliaStar to survive the summary judgment challenge." On September 12, 2001, the trial court issued a supplemental order granting ReliaStar's motion for summary judgment, clarifying that: (1) the motion was granted in its entirety; (2) Guy was to take nothing by his claims against ReliaStar; (3) ReliaStar was "entitled to deposit the proceeds of the annuity policies, together with accumulated interest, into the Registry of the Court and to be released from further liability relating to the policies at issue"; and (4) ReliaStar was excused from any further participation in the trial of the cause. On September 21, 2001, the trial court denied Guy's cross-motion for summary judgment, expressly stating that it had considered the motion and the "Response by Plaintiff . . . ReliaStar Life Insurance Company."

The case then proceeded to trial to determine who, as between Guy and Larry, was entitled to the proceeds. Larry failed to appear for trial. Thus, the trial court found that by his default, Larry admitted Guy's allegations. The trial court rendered its final judgment on May 1, 2003. The judgment states that on November 6, 2001, ReliaStar "deposited the required funds (totaling $34,907.17) with the District Clerk . . . as shown by the *'Notice of Filing of Affidavit of Julie Drady Regarding Calculation of the Amount Deposited by ReliaStar Life Insurance Company.'*" (emphasis in original). The clerk's record, however, does not contain this affidavit. The judgment awarded Guy the entire amount of the funds

4

on deposit in the court's registry along with any accrued interest. Guy filed a motion to modify, correct, or reform the judgment, which the trial court denied. Guy then filed the instant appeal.

## II. ANALYSIS

Guy challenges the trial court's judgment by four issues. Within his first issue, Guy raises multiple sub-issues. He argues the trial court erroneously determined that ReliaStar was an innocent stakeholder entitled to the benefits of interpleader. Additionally, he argues that ReliaStar's "traditional" motion for summary judgment failed to conclusively demonstrate all elements of its defenses or to demonstrate that there was no genuine issue of material fact as to elements of Guy's claims. Furthermore, he argues that the trial court erroneously granted ReliaStar summary judgment on his claims for DTPA violations, negligence and gross negligence, breach of the common law duty of good faith and fair dealing, violations of former articles 21.21 and 21.25 of the Texas Insurance Code, common law fraud, and breach of fiduciary duty.

By his second issue, Guy argues that the trial court improperly denied his cross-motion for summary judgment. His third issue alleges that the trial court improperly permitted ReliaStar to deposit only a portion of the proceeds on the annuity policies. Finally, Guy's fourth issue asserts that the trial court erroneously denied Guy's motion to modify, correct, or reform the final judgment, which was also based on his argument that ReliaStar failed to deposit all the proceeds.

## A. Standard of Review

The standards of review for traditional and no-evidence summary judgments are well established. *Jackson v. Tex. Dept. of Pub. Safety*, 243 S.W.3d 754, 757 (Tex.

5

App.–Corpus Christi 2007, pet. filed). A movant for traditional summary judgment has the burden to establish that there are no material issues of fact. TEX. R. CIV. P. 166a(c); *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999); *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 773 (Tex. App.–Corpus Christi 2007, no pet.). Evidence favorable to the non-movant will be taken as true, every reasonable inference will be indulged in the non-movant's favor, and doubts must be resolved in the non-movant's favor. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

In contrast, a no-evidence summary judgment is the same as a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g). We review the evidence in the light most favorable to the non-movant. *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005). The non-movant must produce evidence to raise a genuine issue of material fact in order to defeat a no-evidence summary judgment. TEX. R. CIV. P. 166a(i).

The non-movant must merely produce a scintilla of probative evidence to raise a genuine issue of material fact. *Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex. 1994)). To determine whether the non-movant has met its burden, we review the evidence in the light most favorable to the non-movant, crediting such evidence that reasonable jurors could credit and

6

disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *City of Keller*, 168 S.W.3d at 827.

"When both parties move for summary judgment, and the trial court grants one motion and denies the other, we will review both parties' summary judgment evidence and determine all questions that are presented." *Jackson*, 243 S.W.3d at 757 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). The court should render the judgment that the trial court should have rendered. *Id.* If the trial court did not state the specific grounds for its grant of summary judgment, we may affirm the trial court's ruling if any of the theories presented in the motion for summary judgment are meritorious. *Id.*

## B.    Availability of Interpleader

By his first issue, Guy argues that ReliaStar did not demonstrate it was an "innocent stakeholder," which he asserts was required before the trial court could allow ReliaStar to interplead funds into the court's registry. He alleges that ReliaStar was not a disinterested stakeholder because ReliaStar: (1) failed to promptly file its interpleader action; (2) acted negligently in supervising Larry by failing to ensure that the policies were delivered to Guy and Ressegieu; and (3) failed to promptly pay the proceeds to Guy after Ressegieu's death.[6] We will address each argument in turn.

### 1.    Timeliness of Interpleader

Guy argues that he notified ReliaStar of his claim to the annuity policies' proceeds on October 14, 1996, but ReliaStar did not file its interpleader action until June 6, 2000. He argues that ReliaStar should not have been entitled to interplead the funds because it

---

[6] Additionally, under his first issue, Guy argues that the trial court should not have allowed ReliaStar to interplead the funds because ReliaStar failed to deposit all the proceeds from the four policies with the court. As Guy also raises this argument separately under his third issue, we will not discuss it under issue one.

unreasonably delayed the filing of its interpleader action.

The Texas Supreme Court, however, has rejected the notion that unreasonable delay means a stakeholder can never interplead disputed funds into a court's registry:

> [I]nterpleader is not improper merely because it is delayed; while some courts have listed prompt filing as an interpleader requirement, the rules of procedure require only conflicting claims. When rival claims exist, courts must decide who gets the proceeds no matter how tardy the deposit; we cannot simply "toss the money back out the clerk's window," or return it to a stakeholder who makes no claim to it.

*State Farm Life Ins. Co. v. Martinez,* 216 S.W.3d 799, 807 (Tex. 2007) (citations omitted). Thus, ReliaStar may have been tardy in filing this interpleader action, but that does not mean it is no longer entitled to interplead the funds. This is not to say that an interpleader defendant is without any remedy for a tardy deposit—as the Texas Supreme Court held, the availability of an interpleader action in this context does not preclude the recovery of penalties for tardy payments, assuming that the interpleader defendant can establish a right to such penalties. *Id.* Guy has asserted such claims, which we address in Parts II.D.5-7. However, we overrule Guy's issue as it relates to ReliaStar's ability to interplead the funds due to tardiness.

### 2.     ReliaStar's Management of the Accounts

Guy further argues that ReliaStar was not an "innocent stakeholder" wholly disinterested in the suit because of its handling of Ressegieu's accounts. He appears to argue that in order to bring an interpleader action, the interpleader plaintiff must not have engaged in any conduct prejudicial to any other party claiming the funds. We disagree.

"In order to bring an interpleader under Rule 43, a stakeholder is not required to be wholly disinterested in the suit." *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 23 (5th Cir. 1992) (analyzing Texas law). The interpleader plaintiff must merely show that "'it is or may

8

be exposed to double or multiple liability as a result of conflicting claims justifying a reasonable doubt as to which claimant is entitled to the funds.'" *Id.* (quoting *Sears Sav. & Profit Sharing Fund v. Stubbs*, 734 S.W.2d 76, 79 (Tex. App.–Austin 1987, no writ); *see* TEX. R. CIV. P. 43.[7]

A stakeholder's interest in the lawsuit is relevant to the determination of whether to award the interpleader plaintiff attorney's fees; however, it is "irrelevant for purposes of commencing an action under Rule 43." *Bank One, Tex., N.A.*, 970 F.2d at 23. Accordingly, while an interpleader plaintiff's culpability in handling a claim may subject that plaintiff to a claim for damages separate from payment of the disputed funds, such as statutory penalties for untimely payment of insurance proceeds, it does not mean that the disputed funds cannot be the proper subject of an interpleader. *Martinez*, 216 S.W.3d at 806, 808 ("[W]hether State Farm should have *added* Toni as a beneficiary is not the same question as whether it should have *paid* her."); *see also Great Am. Reserve Ins. Co. v. Sanders*, 525 S.W.2d 956, 958-59 (Tex. 1975) (interpleader was proper when wife questioned whether ex-wife, who was named beneficiary, should be paid on policy purchased with community funds). Accordingly, we reject Guy's argument that ReliaStar was not entitled to interplead the disputed funds merely because Guy now asserts claims

---

[7] Rule 43 provides:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in any other rules.

TEX. R. APP. P. 43.

against ReliaStar for its handling of his claim to the proceeds.

## C. Insufficiency of ReliaStar's Motion for Summary Judgment

Also by his first issue, Guy argues that the trial court erred in granting ReliaStar's motion for summary judgment because ReliaStar failed to conclusively establish all elements of its causes of actions or defenses. Relying on standards for traditional motions for summary judgment, Guy argues that he did not have a burden to produce evidence in support of his claims because ReliaStar did not conclusively prove its case as a matter of law.

Guy misunderstands the nature of ReliaStar's motion for summary judgment and the respective evidentiary burdens for a traditional and no-evidence summary judgment. ReliaStar moved for no-evidence summary judgment under Rule 166a(i), attacking multiple elements of each of Guy's claims. ReliaStar also moved for traditional summary judgment on several grounds, including its right to interpleader relief, contending that the evidence conclusively negated elements of Guy's claims and that the evidence conclusively established its affirmative defense of limitations to Guy's DTPA causes of action. The trial court's order granting summary judgment, however, expressly found that there was no evidence to support any of Guy's counterclaims.[8]

Texas Rule of Civil Procedure 166a(i) provides:

After adequate time for discovery, a party *without presenting summary*

---

[8] For this reason, we must address the no-evidence motion for summary judgment before reaching any traditional grounds for summary judgment. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex. 1996) (holding court of appeals should consider grounds expressly ruled on by the trial court but has discretion to affirm on other grounds presented to, but not ruled on by, the trial court); *see also Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004) ("If the plaintiffs fail to produce more than a scintilla of evidence under [the burden imposed by 166a(i)], then there is no need to analyze whether Ford's proof satisfied the Rule 166a(c) burden.").

*judgment evidence* may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. *The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.*

Tᴇx. R. Cɪᴠ. P. 166a(i) (emphasis added). As the rule itself recognizes, the party moving for no-evidence summary judgment has no burden to produce evidence. *Id.; City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005)*; see also Pisharodi v. Barrash*, No. 13-05-744-CV, 2007 Tex. App. LEXIS 7583, at *5 n.12 (Tex. App.–Corpus Christi Sept. 20, 2007, no pet. h.) (mem. op.); *Bavouset v. Hall*, No. 13-03-025-CV, 2006 Tex. App. LEXIS 4363, at *4 n.6 (Tex. App.–Corpus Christi May 18, 2006, pet. denied) (mem. op.). Rather, the rule specifically places the burden on the non-movant to produce evidence to defeat a no-evidence motion for summary judgment. *Ford Motor Co.*, 135 S.W.3d at 600. Accordingly, we reject Guy's argument that ReliaStar's no-evidence motion was insufficient because it failed to conclusively establish ReliaStar's case. Guy had the evidentiary burden in response to ReliaStar's no-evidence arguments. We must now determine if he met that burden.

**D.      Guy's Duty to Challenge All Possible Grounds for the Trial Court's Ruling**

Guy argues that the trial court erred in granting summary judgment on his counterclaims. At the outset, we must discuss whether Guy satisfied his burden in this appeal to demonstrate reversible error. If a trial court's order granting summary judgment does not specify the grounds for the ruling, the appellant bears the burden of negating all possible grounds for the trial court's ruling. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 2001). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged [on appeal], the judgment must be affirmed." *Ellis v. Precision*

11

*Engine Rebuilders, Inc.,* 68 S.W.3d 894, 898 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

Here, the trial court ruled that no evidence supported any of Guy's claims, but the order does not specify which elements of the claims lacked sufficient evidentiary support. Because ReliaStar moved for no-evidence summary judgment by attacking multiple elements of each of Guy's claims, Guy was required to demonstrate on appeal that more than a scintilla of evidence supported each element attacked by ReliaStar's motion for no-evidence summary judgment. *McCoy v. Rogers*, 240 S.W.3d 267, 272 (Tex. App.–Houston [1st Dist.] 2007, pet. denied).

Guy has raised a general issue arguing that the summary judgment is improper, supported by several sub-issues, as is allowed under *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex. 1970). Guy's sub-issues question whether summary judgment was proper as to a particular cause of action, but they do not reference a particular element of that cause of action. Again, this is also proper under *Malooly. See id.; McCoy*, 240 S.W.2d at 272 (issue was sufficient to raise propriety of summary judgment fraud claim where it questioned the propriety of summary judgment in opposing party's favor).

However, a sufficiently raised issue is not the end of an appellant's burden—an appellant must not only raise a proper issue, he or she must present arguments and supporting authority for the court to reverse a summary judgment. *Id.* It is not enough to say, "the trial court erred in granting summary judgment." In circumstances such as these, where a trial court has potentially granted summary judgment on multiple elements of a claim, the appellant must present arguments and supporting authority regarding each of the elements challenged by the motion for summary judgment. *Id.* With respect to all his counterclaims against ReliaStar, Guy has failed to meet his burden to attack all the

12

possible grounds for the no-evidence summary judgment.[9]

### 1. Common-law Fraud

The elements of a common-law fraud claim are: "1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation; and (6) the party suffered injury." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 524 (Tex. 1998). In its no-evidence motion for summary judgment, ReliaStar asserted that there was no evidence to demonstrate any of the elements of common-law fraud. On appeal, however, Guy does not address ReliaStar's knowledge or reckless state of mind or whether ReliaStar made a representation with the intent that Guy rely on the representation. Accordingly, Guy has failed to demonstrate that the trial court erred in granting summary judgment on this claim. *McCoy*, 240 S.W.2d at 272.

### 2. Negligence

The elements of a negligence cause of action are: "1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from the breach." *Ins. Network of Tex. v. Kloesel*, No. 13-05-680-CV, 2008 WL 907479, at *6 (Tex. App.–Corpus Christi Apr. 3, 2008, no pet. h.). ReliaStar attacked each element of Guy's negligence claim for lack of evidence. Guy's brief, however, does not address the

---

[9] Although we construe pro se pleadings and briefs liberally, we must hold pro se litigants to the same standards as any other litigant—pro se appellants must comply with all the applicable rules of procedure. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 184-85 (Tex. 1978). Any other rule would give pro se litigants an unfair advantage over those represented by counsel. *Harris v. Showcase Chevrolet,* 231 S.W.3d 559, 561 (Tex. App.–Dallas 2007, no pet.); *Shull v. United Parcel Serv.,* 4 S.W.3d 46, 53 (Tex. App.–San Antonio 1999, pet. denied).

causation element of his negligence claim. Accordingly, Guy has failed to demonstrate that the trial court erred in granting summary judgment on this claim. *McCoy*, 240 S.W.2d at 272.

### 3. Gross Negligence

"To establish gross negligence, a plaintiff must also prove by clear and convincing evidence two additional elements: (i) that from the actor's standpoint, the act or omission complained of involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and (ii) that the actor had actual subjective awareness of the risk involved but nevertheless proceeded in conscious indifference of the rights and safety or welfare of others." *Alcoa, Inc. v. Behringer,* 235 S.W.3d 456, 459 (Tex. App.–Dallas 2007, pet. filed) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 41.003 (Vernon 2005)). ReliaStar moved for no-evidence summary judgment on all the elements of gross negligence. Guy, however, did not argue in his brief or point to any evidence that ReliaStar's acts involved an extreme degree of risk or that ReliaStar was aware of such a risk but nevertheless proceeded in conscious indifference to Guy's rights and safety. Accordingly, Guy has failed to demonstrate that the trial court erred in granting summary judgment on this claim. *McCoy*, 240 S.W.2d at 272.

### 4. Breach of fiduciary duty

"Generally, for a party to establish a claim for breach of a fiduciary duty, there must exist a fiduciary relationship between the plaintiff and defendant, the defendant must have breached its fiduciary duty to the plaintiff, and the defendant's breach must result in injury to the plaintiff, or benefit to the defendant." *Punts v. Wilson*, 137 S.W.3d 889, 891 (Tex. App.–Texarkana 2004, no pet.) (citing *Burrow v. Arce*, 997 S.W.2d 229, 238-39 (Tex.

14

1999)).  ReliaStar moved for summary judgment contending that there was no evidence that it (1) owed Guy a fiduciary duty, or (2) breached any such duty.  On appeal, Guy addresses neither of the elements challenged by ReliaStar.  Guy, therefore, has failed to demonstrate that the trial court erred in granting summary judgment on this claim.  *McCoy*, 240 S.W.2d at 272.

### 5.    Deceptive Trade Practices Act violations

Guy alleged violations of the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE ANN. §§ 17.41-.63.  Guy raised every possible type of claim under the DTPA, including laundry-list violations,[10] unconscionable conduct, and breach of warranty.  *Id.* § 17.50(a)(1)-(3).[11]  With respect to all these claims, however, a plaintiff must demonstrate that the defendant's actions were a producing cause of economic or mental anguish damages.  *Id.* § 17.50(a); *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).  ReliaStar moved for no-evidence summary judgment alleging, among other things, that there was no evidence that any of its actions were the producing cause of Guy's damages.  On appeal, Guy does not address producing cause.  Again, Guy has failed to demonstrate that the trial court erred in granting summary judgment on his DTPA claims.  *McCoy*, 240 S.W.2d at 272.

### 6.    Breach of the Duty of Good Faith and Fair Dealing

Guy claims that ReliaStar violated its duty of good faith and fair dealing.  An insurer breaches the duty of good faith and fair dealing when it fails to attempt in good faith to

---

[10] *See* TEX. BUS. & COM. CODE ANN. §§ 17.46(b), 17.50(a)(1) (Vernon 2002 & Supp. 2007).

[11] Guy also alleged insurance code violations, which are actionable under the DTPA pursuant to section 17.50(a)(4).  TEX. BUS. & COM. CODE § 17.50(a)(4).  Those claims will be addressed along with Guy's insurance code claims in Part II.D.6-7.

15

effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997). ReliaStar moved for no-evidence summary judgment asserting that there was no evidence that ReliaStar's liability to Guy has ever become reasonably clear. Guy's appellate brief does not adequately address this element of his claim.

Guy's factual argument with respect to his claim for the breach of the duty of good faith and fair dealing consists of the following paragraph, without any citations to the record:

> The evidence is clear, precise and uncontroverted that ReliaStar knowingly, intentionally, fraudulently or negligently engaged in acts, actions, and conduct that violated their common-law duty of good faith and fair dealings. The evidence demonstrates ReliaStar denied and delayed with no reasonable basis, or failed to determine whether there was a reasonable basis within a reasonable time. Then ReliaStar knowingly, intentionally and fraudulently deposited only a portion of the proceeds from the four policies with the court.

This argument does not address how or when ReliaStar's liability became reasonably clear, is conclusory, and lacks any citation to the record. *See* TEX. R. APP. P. 38.1(h) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Accordingly, Guy has failed to demonstrate that the trial court erred in granting summary judgment on his claim for breach of the duty of good faith and fair dealing. *McCoy*, 240 S.W.2d at 272.

### 7. Prompt Payment of Claims Statute

Guy alleged violations of former article 21.55 of the Texas Insurance Code, the "prompt payment of claims" statute.[12] "To successfully maintain a claim under [former]

---

[12] Article 21.55 was repealed and recodified without substantive change. *See* Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Sess. Law Serv. Ch. 242, *repealed and recodified by* Act of June 21, 2003, 78th Leg., R.S., ch. 1274, § 26, 2003 Tex. Gen. Laws 3611, 4138 (current version at TEX. INS. CODE

article 21.55, section 6, a party must establish three elements: (1) a claim under an insurance policy; (2) the insurer is liable for the claim; and (3) the insurer has failed to follow one or more provisions of [former] article 21.55 with respect to the claim." *Coats v. Farmers Ins. Exch.,* 230 S.W.3d 215, 220 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (citing *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001)). ReliaStar moved for no-evidence summary judgment, arguing that there was no evidence that it was not in compliance with the provisions of former article 21.55.

Guy's argument with respect to former article 21.55 consists of the following statement:

> Under Article 21.55, sec. 2, 3, and 4 of the Texas Insurance Code, ReliaStar had a duty to either pay or deny Guy Sparkman's claim within 30 days. Clearly, ReliaStar failed to deny or pay Guy Sparkman's claims within 30 days. It was four years before ReliaStar filed the Interpleader action. Under the clearly established law, the four years it took ReliaStar to file its Interpleader action was too long.

Guy, however, does not argue or point to any evidence that demonstrates that he made a proper claim against the annuity policies that would trigger article 21.55, such that ReliaStar's failure to pay was not in compliance with article 21.55.

A "claim" is a "first party claim made by an insured or a policyholder under an insurance policy or contract or by a beneficiary named in the policy or contract that must be paid by the insurer directly to the insured or beneficiary." *See* Act of June 6, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Sess. Law Serv. Ch. 242, *repealed and recodified by* Act of June 21, 2003, 78th Leg., R.S., ch. 1274, § 26, 2003 Tex. Gen. Laws 3611, 4138 (current version at TEX. INS. CODE ANN. § 542.055 (Vernon Pamph. 2007)). This provision

_____

ANN. § 542.055 (Vernon Pamph. 2007)); *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.,* No. 03-0647, 2008 WL 400394, at *10 n. 75 (Tex. Feb. 15, 2008). For purposes of this opinion, we will refer to former article 21.55, because the parties briefed it this way here and below.

limits a prompt payment claim to a beneficiary named in the policy. *Martinez*, 216 S.W.3d at 802. Former article 21.55 does not provide relief to a party who is not named a beneficiary in the policy or contract but is merely deemed the proper beneficiary after litigation. *DeLeon v. Lloyd's London, Certain Underwriters,* 259 F.3d 344, 354 (5th Cir. 2001) ("The legislature has framed the claim-processing deadlines of [former] Article 21.55 in terms of the primary relationship between the insurer and the 'named' beneficiary—not the lawful, yet unnamed beneficiary.").

Throughout his brief, Guy argues that his son, Larry, improperly designated himself as the beneficiary on the policy. However, he does not explain or point to any evidence that supports his standing to make a claim under former article 21.55— he does not assert that he was a named beneficiary or explain how, given that he was not named as a beneficiary, he has standing to assert a claim under former article 21.55 against ReliaStar. Accordingly, Guy has failed to demonstrate that the trial court erred in granting summary judgment on his former article 21.55 claim. *McCoy*, 240 S.W.2d at 272.

### 8. Former Article 21.21 Claim

Guy alleged that ReliaStar violated former article 21.21 of the Texas Insurance Code[13] and that his claim was actionable under the DTPA.[14] ReliaStar moved for no-evidence summary judgment alleging that Guy's article 21.21 claim was a mere recharacterization of his good faith and fair dealing claim, which failed for lack of evidence

---

[13] Former Article 21.21 of the Texas Insurance Code was repealed and recodified without substantive change. *See* Act of May 10, 2001, 77th Leg., R.S., ch. 290, § 1, 2001 Tex. Gen. Laws 548, 548-51, *repealed and recodified by* Act of May 22, 2003, 78th Leg., R.S., ch. 1674 §§ 2, 26, 2003 Tex. Gen. Laws 3611, 2659-61 (current versions at TEX. INS.CODE ANN. §§ 541.051, 541.056 (Vernon Pamph. 2007)) (hereinafter "former article 21.21").

[14] EX. BUS. & COM. CODE ANN. § 17.50(a)(4).

18

and precluded a statutory recovery. Guy's brief does not address this potential ground for the trial court's summary judgment. Accordingly, he has failed to demonstrate that the trial court erred in granting summary judgment on his claim under former article 21.21. *McCoy*, 240 S.W.2d at 272.

### 9. Conclusion

As demonstrated above, Guy has failed to demonstrate, as to each cause of action, that the trial court erred in granting ReliaStar's no-evidence motion for summary judgment. Accordingly, Guy's first issue is overruled.

## E. Insufficient Record

By his second issue, Guy claims that the trial court erred in denying his cross-motion for summary judgment. In it, Guy argued that ReliaStar's interpleader petition was legally and factually groundless. He also alleged that there were no issues of fact regarding his claims against ReliaStar, which he asserted were established as a matter of law. By his third issue, Guy argues that ReliaStar should not have been discharged from the case because it did not interplead the total proceeds from the annuities into the court's registry; therefore, it was not a disinterested stakeholder who unconditionally deposited the disputed funds in accordance with Texas Rule of Civil Procedure 43. Guy argues that ReliaStar only deposited $34,907.17 into the court's registry, but he argues that his mother purchased four annuity policies for $10,000.00 each. Finally, Guy complains that the trial court erroneously denied his "Motion to Modify, Correct, or Reform Final Judgment," in which he repeated his complaint that the trial court allowed ReliaStar to deposit less than the total proceeds of the annuity policies. Guy's motion did not attach any evidence demonstrating the amounts due under the policies.

19

ReliaStar responds that Guy waived these arguments by failing to bring forth a complete record of the proceedings below. We agree. "Absent a complete record of the summary judgment evidence, an appellate court must assume that the omitted documents support the judgment of the trial court." *DeSantis v. Wackenut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990).

With respect to Guy's cross-motion for summary judgment, ReliaStar points out that the record does not contain ReliaStar's response to Guy's motion. Although Guy disputes that ReliaStar filed a response, the trial court's order denying Guy's motion expressly states that it considered the "the Response by Plaintiff ReliaStar. . . ." Without reviewing ReliaStar's response, it is impossible to determine whether the trial court erred, and we must presume it did not. *Id.*

Because of the insufficient record, we are also unable to review the trial court's apparent determination that ReliaStar properly deposited all the annuity policies' proceeds into the court's registry. ReliaStar's motion for summary judgment references several pieces of evidence and notes that the evidence was filed separately from the motion. The clerk's record contains ReliaStar's summary judgment motion, but it does not include any of the evidence filed in support of the motion. For example, ReliaStar apparently submitted the annuity policies in support of its motion for summary judgment, and these policies do not otherwise appear in the record. Additionally, the trial court's judgment dated May 1, 2003 references an affidavit filed by ReliaStar along with the deposit of the annuity funds into the court's registry that apparently set out the calculation of the amount deposited.[15]

---

[15] The judgment states that "Plaintiff deposited the required funds (totaling $34,907.17) with the District Clerk pursuant to [the trial court's order dated September 11, 2001] on October 2, 2001 as shown by the 'Notice of Filing of Affidavit of Julie Drady Regarding Calculation of the Amount Deposited by Reliastar Life Insurance Company' filed November 6, 2001."

This document also does not appear in the clerk's record. We must presume these documents support the trial court's decision to grant ReliaStar's motion for summary judgment and its denial of Guy's Motion to Modify, Correct, or Reform the Final Judgment.

Guy does not dispute that ReliaStar properly filed evidence in support of its motion for summary judgment—in fact, his response to ReliaStar's motion for summary judgment and his cross-motion for summary judgment expressly point to and rely on the evidence ReliaStar filed. Rather, Guy contends that he did not bear the burden to ensure that ReliaStar's evidence appeared in the clerk's record. He argues that either the trial court clerk or ReliaStar had the burden to ensure that the clerk's record contained ReliaStar's summary judgment evidence.

The trial court clerk is required by Texas Rule of Appellate Procedure 35.3(a) to compile, certify, and file the clerk's record. TEX. R. APP. P. 35.3(a). Rule 34.5 lists the documents the trial court clerk must include in the record, but it does not specifically list motions for summary judgment or supporting evidence as required contents of the clerk's record. TEX. R. APP. P. 34.5; *Mallios v. Standard Ins. Co.*, 237 S.W.3d 778, 782 (Tex. App.–Houston [14th Dist.] 2007, pet. denied). While rule 34.5(a) lists documents that *must* be included in the record, rule 34.5(b) provides that a party may request that additional items be included in the record. TEX. R. APP. P. 34.5(b). As the Fourteenth Court of Appeals recently explained, a party appealing a trial court's order granting summary judgment has a duty to request that the record include the motion for summary judgment and supporting evidence:

> Thus, although the trial court clerk is required to include at least the documents listed in 34.5, per *Enterprise*, if a party wishes to successfully appeal a grant of summary judgment, he must include more than those documents the court clerk is required to include–he must include all

21

'pertinent' documents the trial court considered in granting the motion.

*Mallios,* 237 S.W.3d at 783 (citing *Enter. Leasing Co. v. Barrios,* 156 S.W.3d 547, 549 (Tex. 2004)).  The duty is placed upon the appellant to request that the pertinent item be included in the record because the appellant bears the burden of demonstrating reversible error.  TEX. R. APP. P. 44.1(a); *DeSantis,* 793 S.W.2d at 689.

Thus, although ReliaStar had the burden to plead and prove that it was entitled to interplead the funds into the court's registry below, Guy bears the burden on appeal to show that the trial court erred in granting ReliaStar's motion for summary judgment, accepting the funds for deposit, denying his cross-motion for summary judgment, and denying his motion to modify, correct, or reform the judgment.  *See Enter. Leasing Co.,* 156 S.W.3d at 549 ("Although Enterprise bears the burden to prove its summary judgment as a matter of law, on appeal Barrios bears the burden to bring forward the record of the summary judgment evidence to provide appellate courts with a basis to review his claim of harmful error.");  *Danner v. Aetna Life Ins. Co.,* 496 S.W.2d 950, 953 (Tex. Civ. App.–Fort Worth 1973, no writ).  Guy had the burden to ensure that a sufficient record supported his arguments.  In the absence of a complete record, we must presume that the evidence omitted from the record supports the trial court's order denying Guy's cross-motion for summary judgment and its judgment that ReliaStar was entitled to interplead the funds into the court's registry. *Enter. Leasing Co.,* 156 S.W.3d at 549; *Mallios,* 237 S.W.3d at 783; *Danner,* 496 S.W.2d at 953 (presuming that trial court acted within its discretion in approving interpleader where record on appeal was incomplete).  Accordingly, we overrule Guy's second, third, and fourth issues.

### III.  CONCLUSION

Having overruled all of Guy's issues, we affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Memorandum Opinion delivered and
filed this the 15th day of May, 2008.